UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JULIE LAMOTHE and JUSTIN LAMOTHE

                     Plaintiffs,         **MEMORANDUM OF**
                                                **DECISION AND ORDER**
                                                08CV2078 (ADS) (AKT)
   -against-

THE TOWN OF OYSTER BAY, THE TOWN OF
OYSTER BAY DEPARTMENT OF PLANNING
AND DEVELOPMENT, VINCENT AQUILINO,
Individually and in his Official Capacity,
DIANE AQUILINO, TIM ZIKES,
Individually and in his Official Capacity,
MIKE RATHE, Individually and in his Official Capacity,
JOE SPANO, Individually and in his Official Capacity,
LYNN BERGE, Individually and in her Official Capacity,
JACK LIBERT, Individually and in his Official Capacity,
JIM LAREN, Individually and in his Official Capacity,
and STEPHEN MORI,
Individually and in his Official Capacity,

                   Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**THE LAW OFFICE OF STEVEN A. MORELLI, P.C.**
Attorneys for the Plaintiffs
One Old Country Road, Suite 347
Carle Place, NY 11514
       By:    Steven A. Morelli, Esq.
                 Anthony Christopher Giordano, Esq.
                 Elaine R. Sammon, Esq., Of Counsel

**AHMUTY, DEMERS & MCMANUS**
Attorneys for the Town of Oyster Bay and
Town of Oyster Bay Department of Planning and Development
200 I.U. Willets Road
Albertson, NY 11507
    By:    Christopher Kendric , Esq., Of Counsel

**LAW OFFICES OF JOSEPH W. RYAN, JR., PC**
Attorneys for the Defendants Vincent Aquilino and Diane Aquilino
1425 Rexcorp Plaza
Uniondale, NY 11556
    By:    Joseph W. Ryan, Jr., Esq., Of Counsel

**SINNREICH & KOSAKOFF LLP**
Attorneys for the Defendants Tim Zikes, Mike Rathie, Joe Spano, and Jack Libert
267 Carleton Avenue
Central Islip , NY 11722
    By:    Timothy F. Hill, Esq., Of Counsel

**SPATT, District Judge**

## I. BACKGROUND

This case arises out of the purchase of residential property located at 59 Larabee Avenue, Oyster Bay, New York, by the plaintiffs, Julie and Justin Lamothe from the defendants Vincent and Diane Aquilino on April 12, 2005. The home is alleged to have a checkered history, to say the least.

The plaintiffs allege that in 1955, the house was substantially flooded as a result of being located "only steps from the Long Island Sound." They further allege that in 1999, the then-owner of the home hired a restoration company to inspect the house, and was informed that the house was "unsalvageable" and would need to be demolished. That same year, Vincent Aquilino, an employee of

the Town of Oyster Bay purchased the home for $175,000.

The plaintiffs contend that the defendants were aware that there are fresh water springs located directly under the house, which results in a large amount of water flooding the house in heavy rainfall. The plaintiffs allege that Aquilino purchased the property with the knowledge that water would constantly flood the basement and that the force of the water would, at times, be sufficiently intense to remove mortar and brick and cause the foundation to weaken.

It is further alleged that Aquilino restored the home, including moving the house and setting it on a new, but improper foundation, and building additions and a detached garage. The plaintiffs also allege that due to his employment with the Town, Aquilino was permitted to move the home to this substandard foundation and to sell the home to the plaintiffs without the proper permits, certificates of occupancy, or a "Percolation Test" to determine the ability of the ground to effectively absorb water. In addition, the plaintiffs allege that the house was built with a large basement that would not have been permitted because of the presence of the springs absent Vincent Aquilino's relationship with the Town. Finally, the plaintiff alleges that although the Aquilinos contend that the house was restored by Woodstock Construction, a licensed builder, Vincent Aquilino actually did the work himself without the proper certifications and permits.

The plaintiffs further contend that the Aquilinos sold the home to the

plaintiffs as a "new construction" without mentioning the water damage or the flooding that had previously occurred on the property or any of the latent defects. The plaintiffs contend that they experienced a severe flood in October of 2005. Following the flood, Julie Lamothe went to the town to request a copy of the file on her "new" home and found that it was missing a building inspection of soil conditions, inspections for the foundation, waterproofing, membrane, insulating and footing, and inspections of both the sewer and sanitary systems. Julie asked the Town Clerk to identify the signatures on the building inspector's reports for the home, but was simply informed that the person was deceased, without being advised of the name.

It is further alleged that on or about February 9, 2008, Eileen Cannizzaro, a Town of Oyster Bay zoning inspector discovered that Julie's son, Justin, was using as an apartment, the garage attic that was built by the Aquilinos as an addition to the house. The inspector filed an information in the Nassau County District Court charging Julie Lamothe with maintaining an illegal dwelling in violation of the Town Building Code. In addition, the plaintiffs allege that they were harassed by other Town inspectors and that in each instance, the inspectors held Julie in violation of a Town code. The complaint alleges that the filing of the information against Julie was discriminatory and in retaliation for her comment during a telephone call with defendants Jack Libert and Tim Zikes,

members of the Department of Planning and Development, that the Town officials were committing "illegal and immoral acts."

In response to the alleged harassment, the plaintiffs instituted this action on May 21, 2008. The first two counts of the complaint, against all defendants, allege unlawful discrimination, harassment, and retaliation, as well as violations of the plaintiffs' Due Process and Equal Protection rights while the defendants were acting under color of state law. The third cause of action alleges fraud and misrepresentation against the Aquilino defendants in connection with the sale of the home. The fourth cause of action alleges that the "Town, its departments and the individual defendants unlawfully participated in, aided, abetted, incited and/or compelled the fraudulent and deceitful practices against the Plaintiffs, and allowed them to perpetuate, without abatement, in violation of Plaintiffs' abovementioned constitutional and statutory rights, by and through their aforementioned actions." The fifth and final cause of action alleges that the defendants conspired together to defraud the plaintiffs and induce them into purchasing the property.

Presently before the Court is a motion by the Aquilino defendants to dismiss all causes of action as against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The Aquilino defendants initially argue that the first two causes of action are insufficient because the complaint is devoid of any allegation

5

of involvement of either Aquilino in connection with the Town inspections or the prosecution of Julie Lamothe for violation of the Town Building Code. In recognition that the Aquilinos are non-governmental defendants, the plaintiffs concede that only the pendant state law claims for fraud and misrepresentation. Counts three, four, and five apply to the Aquilinos. (*See* Plaintiff's Brief in Opposition, Dec. 12, 2008, at 1). Accordingly, the Court will deem the first and second cause of action withdrawn as to Vincent and Diane Aquilino.

In addition, the Aquilinos contend that the remaining causes of action should be dismissed because (1) these pendant state law claims fail to satisfy the New York pleading requirements of particularity as set forth in New York CPLR 3016(b); (2) the contract of sale between the plaintiffs and the Aquilinos specifically disclaims any representations made by the seller; and (3) no cause of action for conspiracy to commit fraud exists separate and apart from an independent cause of action for accessorial liability in connection with a fraud.

## II. DISCUSSION

In considering a Rule 12(b)(6) motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, 281 Fed. Appx. 63, 66 (2d Cir. 2008) (citing *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005)). A complaint should be dismissed only if it does not

contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Recently, in *Ashcroft v. Iqubal*, 129 S.Ct. 1937 (2009), the Supreme Court made clear that *Twombly*'s plausibility standard will apply to "all civil actions." *Iqbal*, 129 S.Ct. at 1953.

The Second Circuit has explained that the Court's inquiry is guided by "'two working principles.'" *Harris v. Mills*, No. 07CV2283, 2009 WL 1956176, at *4 (2d Cir. July 9, 2009). "First, although 'a court must accept as true all of the allegations contained in the complaint,' that 'tenent' 'is inapplicable to legal conclusions . . . .'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do no suffice.")). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 129 S.Ct. at 1949.

Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. However, "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and . . . determined whether they plausibly give rise to an entitlement of relief." *Id.*

On a motion to dismiss, the Court must limit its considerations to those facts stated in the complaint, documents that were integral to the claims in the complaint and that the plaintiff relied upon in drafting the pleading, documents attached to the complaint as exhibits, and documents of which the Court may take judicial notice. *Faulkner v. Beer*, 463 F.3d 130, 134–35 (2d Cir. 2006); *Global Network Commc'n, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). In this case, although not attached to the complaint, the Court may appropriately consider the "Residential Contract of Sale" entered into between the parties in March of 2005. As the plaintiffs' fraud causes of action allege misrepresentations by the Aquilinos in order to induce the plaintiffs to purchase the property, the contract is an integral part of the plaintiffs' claims.

**A.     As to the Third Cause of Action Sounding in Fraud**

A plaintiff asserting a common-law fraud claim in the federal courts must comply with Fed. R. Civ. P. 9(b). *Bui v. Indus. Enter. of America, Inc.*, No. 08CV0583, 2009 WL 130180, at *6 (S.D.N.Y. Jan.15, 2009). Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or

mistake [must] be stated with particularity." Fed. R. Civ. P. 9(b). In order to satisfy this requirement, the complaint must: "'(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent.'" *Lerner*, 459 F.3d at 290 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also* NY CPLR § 3016(b) (providing that where a defense is based upon a fraud or misrepresentation "the circumstances constituting the wrong shall be stated in detail").

In order to state a claim for fraudulent inducement under New York law a plaintiff must allege, with the requisite particularity: "(1) a knowingly false representation of a material fact and (2) detrimental reliance thereon." *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 490 (2d Cir.1998); *see Robinson v. Deutsche Bank Trust Co. Americas*, 572 F. Supp. 2d 319, 322 (S.D.N.Y. 2008) (noting that a plaintiff must show that his reliance was reasonable). With respect to the purchase of a home, New York "imposes no liability on a seller for failing to disclose information concerning the condition of the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which would constitute active concealment." *Mancuso v. Rubin*, 52 A.D.3d 580, 584, 861 N.Y.S.2d 79 (2d Dep't 2008); *Rector v. Clamus Group, Inc.*, 17 A.D.3d 960, 961, 794 N.Y.S.2d 470 (3d Dep't 2005) ("[T]he

9

seller has no duty to disclose any information concerning the property in an arm's length transaction unless the seller participated in some active concealment of the defect," or is under some confidential or fiduciary obligation to the buyer); *Slavin v. Hamm*, 210 A.D.2d 831,832, 621 N.Y.S.2d 393 (3d Dep't 1994) (same).

The plaintiffs make two allegations with the respect to their fraudulent inducement claims. First, the plaintiffs state that:

> The Aquilinos told the Plaintiffs that they were buying a "newly constructed" house. Not once did the Aquilinos inform the Plainitffs about the flooding problem associated with the home. Aquilinos' misrepresentation of this well hidden and latent material defect, would have deterred Plaintiffs from purchasing the house, if known.

(Complaint at ¶ 25). However, this contention is insufficient to support plaintiffs' claims because it is well-established that a seller has no obligation to disclose information regarding home condition and mere failure to disclose cannot be the basis of a claim for active concealment. *Venezia v. Coldwell Banker Sammis Realty*, 270 A.D.2d 480, 704 N.Y.S.2d 663 (2d Dep't 2000) (absent allegations of concealment, "the sellers were under no duty to speak, and their silence about the [toxic] contamination is not actionable as fraud"); *Slavin*, 210 A.D.2d at 832, 621 N.Y.S.2d 393 ("Mere silence does not rise to the level of fraud.").

Second, the plaintiffs contend that "Defendants Vincent and Diane Aquilino made a representation to Plaintiffs, of and concerning the house located at 59 Larabee Avenue, to be habitable and in good/new condition, free of

problems and defects." (Complaint at ¶ 73). This too fails to support the plaintiffs' fraud claims. As an initial matter, this statement is likely insufficient under Rule 9 as is fails to set forth the exact circumstances of the alleged statements and makes no allegations pertaining to an active concealment of a specific condition. *Mancuso*, 52 A.D.3d at 584, 861 N.Y.S.2d 79 (finding that the plaintiff's conclusory allegation that the sellers "concealed and obstructed" termite infestation and water damage was insufficient absent factual details as to the manner in which these conditions were concealed).

Further, importantly, the Residential Contract of Sale between the parties provides that:

> 12. **Condition of Property**. Purchaser acknowledges and represents that Purchaser is fully aware of the physical condition and state of repair of the Premises . . . based on Purchaser's own inspection and investigation thereof, and that Purchaser is entering into this contract based solely upon such inspection and investigation and not upon any information, data, statements or representations, written or oral, as to the physical condition, state of repair, use, cost of operation . . . given or made by the Seller or its representatives, and shall accept the same "as is" in their present condition and state of repair . . . .

(Def's Exh. B, at ¶12).

Such a specific disclaimer "defeats any allegation that the contract was executed in reliance upon contrary oral representations." *Bedowitz v. Farrell Development Co., Inc.*, 289 A.D.2d 432, 433, 735 N.Y.S.2d 150 (2d Dep't 2001) (internal quotations and citations omitted) (involving defects in a newly

constructed home); *Venezia*, 270 A.D.2d at 481, 704 N.Y.S.2d 663 (claim of fraud extinguished upon closing based on "as is" contract clause). In short, New York applies the rule of *caveat emptor* and it is generally the duty of the purchaser to inspect the property before completing the transaction. Accordingly, the third cause of action for fraud is dismissed.

### B. As to the Fourth Cause of Aiding and Abetting Fraud

The plaintiffs' fourth cause of action based on aiding and abetting fraud is likewise dismissed because "once the main fraud claim against the direct actor falls, so does the claim against the remaining defendants." *Richbell Information Services, Inc. v. Jupiter Partners*, L.P., 309 A.D.2d 288, 305, 765 N.Y.S.2d 575 (1st Dep't 2003).

### C. As to the Fifth Cause of Action Based on a Conspiracy

Finally, the plaintiffs' fifth cause of action is dismissed as "New York does not recognize civil conspiracy to commit a tort as an independent cause of action." *Sokol v. Addison*, 293 A.D.2d 600, 601, 742 N.Y.S.2d 311 (2d Dep't 2002) ("Since the fraud claim should have been dismissed, the conspiracy cause of action cannot stand alone."); *see also Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546 (1986) ("[A] mere conspiracy to commit a tort is never of itself a cause of action."); *Brenner v. American Cyanamid Co.*, 288 A.D.2d 869, 870, 732 N.Y.S.2d 799 (4th Dep't 2001);

*Manning v. Turtel*, 115 A.D.2d 712, 713 496 N.Y.S.2d 775 (2d Dep't 1985) ("There is no substantive tort of conspiracy.").

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the plaintiffs' first and second causes of action are withdrawn as against the Aquilino defendants; and it is further

**ORDERED**, that the motion of the defendants Vincent Aquilino and Diane Aquilino to dismiss the third, fourth, and fifth causes of action in the complaint is granted.

**SO ORDERED.**

Dated: Central Islip, New York
July 10, 2009

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge